**FILED
UNITED STATES DISTRICT COURT
ROSWELL, NEW MEXICO**

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

AUG 06 2019

**MITCHELL R. ELFERS
CLERK OF COURT**

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 19-mr-934
914 N. Ohio Ave., Roswell, NM )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S. Code § 922(g)(3) | Possession of a firearm by unlawful user of a controlled substance |
| 26 U.S. Code § 5861(d) | Possession of a firearm not registered in the NFRTR |

The application is based on these facts:

See Affidavit in Support of Application for a Seach Warrant

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Joseph Tessitore, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/06/2019

_____
*Judge's signature*

City and state: Roswell, NM

Barbara Evans, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

The target residence is located at 914 N Ohio Avenue, Roswell, County of Chaves, State of New Mexico, 88201. The target residence is described as a light tan colored single story single family residence with brown trim. The numbers "914" face N Ohio Avenue. The front door has a black in color screened in security gate. There is a storage shed attached to the rear of the house.



## ATTACHMENT B

## ITEMS TO BE SEIZED

Evidence of violations of 18 U.S.C. § 922(g)(3) including, but not limited to:

All firearms to include but not limited to: ammunition, ammunition magazines, spare parts, photographs of firearms and receipts of the purchase of these items; other tangible properties as to the purchase, acquisition, ownership, maintenance, sale or transfer of firearms and any other items which constitute contraband; and records and documents, however stored.

Evidence of violations of 26 U.S.C. § 5861(d) including, but not limited to:

Any device or combination of parts that may be classified as a destructive device as defined in 26 U.S.C. § 5845(f) which may include ignitable, flammable, explosive and/or combustible substance(s), whether solid, liquid and/or gas and/or any container(s) and/or material(s) that may contain said substance(s) and/or have said substance(s) on them.

Any printed books or other texts that contain information on building improvised explosive devices, homemade explosives, or destructive devices.

Electronic devices such as cell phones or computers that could be used to search for and view information on how to build improvised explosive devices, homemade explosives, or destructive devices. These devices would include the ability to view instructional videos on the internet.

Indicia of residency establishing Joshua Vaughn resides or temporarily resides at 914 N Ohio Avenue, Roswell, New Mexico 88201.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Joseph D. Tessitore Jr., being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. Your affiant respectfully submits this Affidavit pursuant to Rule 41 of the Federal Rules of Criminal Procedure in support of a search warrant to search the premises of 914 N Ohio Avenue, Roswell, NM, "Subject Residence."

## AFFIANT'S BACKGROUND AND EXPERIENCE

2. Your affiant is a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since May 14, 2017. He completed the Special Agent Basic Training Academy in Glynco, GA in December of 2017. He has a Bachelor's of Science from Embry-Riddle Aeronautical University in Global Security and Intelligence Studies with minors in Mathematics and Economics. He is a law enforcement officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 26 of the United States Code. He is currently assigned to the ATF Las Cruces Field Office in Las Cruces, New Mexico (NM). Previous to being employed with the ATF he was employed as a U.S Border Patrol Agent (PA) with Customs and Border Protection (CBP) starting on May 01, 2008.

3. While employed as a federal law enforcement officer, your affiant has made numerous arrests for violations of federal criminal statutes. During employment with CBP he was assigned to the Drug Enforcement Administration (DEA) Tucson District Office for approximately four years. Your affiant has participated and assisted with multiple investigations involving illegal drugs, drug proceeds, and money laundering. He also participated in joint federal and state investigations to include Organized Crime Drug Enforcement Task Force investigations. During these investigations, he conducted thorough records checks, physical surveillance, authored and executed search warrants, and monitored and reviewed wiretapped conversations of suspects. He also conducted numerous interviews of subjects/defendants as well as conducted debriefings of confidential informants.

4. As a result of your affiant's training and experience as an ATF SA, he is familiar with federal criminal laws and knows that it is a violation of Title 18 U.S. Code § 922(g)(3), for an unlawful user of a controlled substance to possess a firearm or ammunition that has affected interstate commerce, or to receive any firearm or ammunition that has been shipped or transported in interstate commerce. Your affiant also knows that it is a violation of Title 26 U.S. Code § 5861(d) for an individual to possess a destructive device that is not registered to him/her in the National Firearm Registration and Transfer Record.

5. The facts in this affidavit come from your affiant's personal observations, his training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of his knowledge about this matter.

## PROBABLE CAUSE

6. On August 5, 2019, your affiant received a telephone call from Roswell Police Department (RPD) Sergeant Jonathan Daniel in regards to an individual acting suspiciously with firearms. Sergeant Daniel explained to your affiant that earlier on the same date, RPD 911 emergency dispatch received a call from a concerned citizen. According to Sergeant Daniel, the caller observed a male loading multiple rifles into a vehicle over the course of a few hours in front of the Subject Residence. The caller was concerned because the male was wearing nitrile or latex medical gloves while handling the firearms and appeared to be wearing camouflage. The caller was concerned the male could be planning a similar style shooting to the one carried out at the Walmart in El Paso on August 3, 2019.

7. RPD Detective Brandon Stroud spotted a vehicle matching the description of the suspect vehicle traveling north on Main St. Detective Stroud maintained visual of the vehicle until marked RPD units could safely conduct a traffic stop. The vehicle was a silver 2006 Ford Hatchback bearing NM plate 860WHL registered to Joshua Vaughn and Kimberly Vaughn at the Subject Residence. RPD officers commanded the driver to exit the vehicle and raise his hands. Officers were able to see what appeared to be a firearm on the driver's torso. The driver was identified as Joshua Vaughn. RPD officers explained the reason for the stop and detained J Vaughn. RPD officers recovered two firearms from J Vaughn's person.

        Miranda warnings were given to J Vaughn and he agreed to cooperate by informing officers there were more firearms in the vehicle. J Vaughn stated he was taking them to go shooting for practice. J Vaughn also informed officers he had a valid medical marijuana prescription, but his medical marijuana card was stolen.

8. When your affiant arrived at the traffic stop he was informed RPD Officer Travis Smith verified the validity of the medical marijuana card with the New Mexico Department of Health. Based on this information and knowing there were firearms in the vehicle your affiant searched the vehicle for evidence of a violation of 18 U.S. Code § 922(g)(3). In addition to the two firearms recovered from J Vaughn's person, your affiant recovered five additional firearms from the vehicle. Based on training and experience your affiant is aware federally licensed firearms manufacturers and importers are required to place certain markings on firearms. Your affiant observed the markings on the seven firearms recovered from J Vaughn during the traffic stop. Your affiant believes none of these seven firearms were manufactured in the State of New Mexico and thus traveled in or affected interstate commerce.

    - Taurus, model The Judge, .45 caliber Long Colt revolver, SN: KW323342, "Made in Brazil"
    - Unknown make, model 213, 9mm pistol, SN: 14057029, "Made in China"
    - Qiqihar Hawk, model CCVT12, .12 ga shotgun, SN: CV000950, "Made in China"
    - American Tactical, model Nomad, .20 ga shotgun, SN: 20SB18-001387, "Made in Turkey"
    - Winchester, model 94, 30-30 Winchester rifle, SN: 2967458, "Made in USA"
    - Unknown make, unknown model, 7mm Mauser rifle, SN: 208761
    - Hi-Point, model 995, 9mm rifle, SN: F60553, "Mansfield, OH"

9. Your affiant and ATF Resident Agent in Charge David Tabullo interviewed J Vaughn at the RPD main station. Your affiant presented J Vaughn with ATF Form 3200.4 Advice of Rights and Waiver. J Vaughn agreed to speak with agents. J Vaughn stated he had the

firearms in his vehicle because he was going shooting. J Vaughn also admitted to having a medical marijuana card. J Vaughn admitted to smoking marijuana on a daily basis to alleviate his anxiety. J Vaughn stated he was not violent nor intent on duplicating an event such as the shooting that occurred at the Walmart in El Paso. Your affiant asked J Vaughn about the shotgun that had the shoulder stock removed and electrical tape wrapped around the improvised handle. J Vaughn admitted he cut the stock off the shotgun because he thought it was cheap and ineffective. J Vaughn admitted there were additional firearms at the Subject Residence.

10. Your affiant explained to J Vaughn that he could not possess firearms due to using marijuana. Your affiant obtained consent from J Vaughn to search the Subject Residence as recorded on ATF Form 3220.11 Consent to Search. Your affiant asked J Vaughn if there were any dangerous items in the house besides the firearms. J Vaughn began to describe items that based on your affiants training and experience he believed to be destructive devices or improvised explosive devices. J Vaughn described a device he admitted making consisting of paint cans, fireworks, bottles of hand sanitizer, with nails affixed around the outside. J Vaughn also described trip wire or pressure initiated type devices that use shotgun shells to both signal an audible warning and discharge shot through the action of the shell firing. J Vaughn admitted to looking up plans for these devices online by watching how-to videos while at the Subject Residence.

11. Your affiant then located J Vaughn's mother Kimberly Vaughn at the Walmart in Roswell, NM where she is employed as a cashier. Your affiant obtained consent from her to search the Subject Residence. Due to the dangerous nature of the devices described by J Vaughn and accounts by neighbors that stated J Vaughn appears very careful and meticulous when first entering the front door to the Subject Residence your affiant felt it prudent to enlist the assistance of the New Mexico State Police Bomb Team in clearing the Subject Residence. The items described by J Vaughn could be used as traps. K Vaughn was present at the time NMSP Bomb Team members did a safety sweep of the Subject Residence.

12. NMSP Bomb Team member Pablo Macias relayed to your affiant he observed many potentially dangerous devices inside the residence consistent with the characteristics of

4

destructive devices or improvised explosive devices. Macias believed it would be unsafe for the two local bomb team members to clear all suspicious items present and requested ATF agents wait until the following day when more bomb team members would arrive from Albuquerque, NM. Macias guided your affiant through the Subject Residence. Your affiant observed multiple devices that based on his training and experience appeared to be destructive devices or improvised explosive devices. The devices were wrapped in paper and tape making it difficult for your affiant to identify all parts of the devices. Your affiant observed nails or screws secured around the devices and time delay fuse protruding from at least one such device. Your affiant also observed what he believed to be an incendiary device commonly known as a Molotov cocktail on a shelf next to bottles of flammable petroleum products. Your affiant observed multiple firearms inside the Subject Residence. Due to the presence of these devices and the delay in searching the residence your affiant felt it reasonable and prudent to secure the Subject Residence and obtain a federal search warrant. A RPD officer was posted outside the residence to maintain security and integrity of the scene.

## CONCLUSION

13. For the foregoing reasons, your affiant respectfully submits that there is probable cause to obtain a search warrant of the Subject Residence, to collect indicia of residency, evidence of a crime, contraband, fruits of a crime, or other items illegally possessed in order to procure evidence and/or instrumentalities of a violation of Title 18 U.S. Code § 922(g)(3) and Title 26 U.S. Code § 5861(d).

14. I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge, information, and belief.

Joseph Tessitore, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

AUSA Maria Armijo has reviewed this affidavit.

Subscribed and sworn in my presence, this __6__ day of August 2019.

HON. Barbara Evans
UNITED STATES MAGISTRATE JUDGE